UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ANN REDEAUX, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>NOEL WISE, et al.,<br><br>　　　　　Defendants. | Case No. 24-cv-01979-EMC<br><br>**ORDER RE AMENDED COMPLAINT**<br><br>Docket No. 8 |

　　　　Previously, the Court granted Plaintiffs' application to proceed in forma pauperis ("IFP") but dismissed their complaint with leave to amend. *See* Docket No. 6 (order) (conducting review pursuant to 28 U.S.C. § 1915(e)). Plaintiffs have timely filed an amended complaint. The Court again reviews the pleading pursuant to § 1915(e).

　　　　Though Plaintiffs have made some changes to their original complaint, the amended complaint does not address the deficiencies identified by the Court in its prior order.

　　　　To the extent Plaintiffs suggest that the Court lacks authority to adjudicate their case because they did not "consent [to] a lesser judge," Docket No. 23 (amended complaint) (ECF Page 23), the Court rejects the argument. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367(a). *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *id.* § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). In addition, Plaintiffs have not cited any authority

1 supporting recusal.  *See, e.g.*, *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (stating that "[t]he standard for recusal under 28 U.S.C. §§ 144, 455 is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned'; [t]he alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal"); *United States v. McChesney*, 871 F.3d 801, 807 (9th Cir. 2017) (indicating the same).

The Court therefore dismisses the amended complaint, this time with prejudice.  The Clerk of the Court is instructed to enter a final judgment in accordance with the above and close the file in the case.

**IT IS SO ORDERED**.

Dated: April 22, 2024

_____
EDWARD M. CHEN
United States District Judge